**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff
E. HOWARD MUSGROVE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. HOWARD MUSGROVE, an individual on behalf of himself and others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>JACKSON NURSE PROFESSIONALS, LLC; a Georgia limited liability company; JACKSON HEALTHCARE STAFFING, LLC, a Georgia limited liability company; and DOES 1 to 10 inclusive,<br><br>                              Defendants. | Case No.<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT FOR:<br><br>1.  Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)<br>2.  Unfair Business Practices (Cal. Business & Professions Code § 17200, et seq.)<br>3.  Waiting Time Penalties (Cal. Labor Code § 203)<br>4.  Violations of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.)<br><br>AND DEMAND FOR JURY TRIAL |

Plaintiff E. HOWARD MUSGROVE ("Plaintiff"), on behalf of himself and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     This is a California-wide class action and a nation-wide FLSA collective action against the interrelated entities JACKSON NURSE PROFESSIONALS, LLC and JACKSON HEALTHCARE STAFFING, LLC (together "Jackson") for (1) failing to include all remuneration in the regular rate of pay when calculating overtime wages and (2) failing to timely pay all wages owing at the termination of employment.

## JURISDICTION

2.     This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are citizens of different States.

3.     This Court also has jurisdiction over the Fourth Cause of Action under 28 U.S.C. § 1331 because it arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and supplemental jurisdiction over the California state law causes of action under 28 U.S.C. § 1367 because they are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

///

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## VENUE

4.     This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Jackson employed Plaintiff and other putative class members in this judicial district, Jackson transacts business in this judicial district, and a substantial part of the acts and/or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

5.     Plaintiff E. Howard Musgrove is a citizen of Mississippi who was employed by Jackson as a travel nurse in Arroyo Grande, California and other locations within this judicial district between 2015 and 2017.

6.     Defendant Jackson Nurse Professionals, LLC is a Georgia limited liability company that, at all relevant times, has been engaged in the business of travel nurse staffing throughout California and elsewhere.

7.     Defendant Jackson Healthcare Staffing, LLC is a Georgia limited liability company that, at all relevant times, has been engaged in the business of healthcare staffing throughout California and elsewhere.

8.     Defendants Jackson Nurse Professionals, LLC and Jackson Healthcare Staffing, LLC are joint employers and/or are integrated to such a degree that they are a single employer in that they both exercised control over Plaintiff's and other putative class members' wages, hours, and working conditions, and they share

management, offices, human resources, payroll functions, and have common ownership and/or financial control.

9.     Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sues those defendants by fictitious names.   Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants.  Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

10.     Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

11.     Defendants Jackson Nurse Professionals, LLC, Jackson Healthcare Staffing, LLC and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

/ / /

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

4

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12.    Defendants are healthcare staffing companies that employ hourly health care professionals for short-term travel assignments at health care providers throughout California and elsewhere.

13.    The terms and conditions of employment between Defendants and their hourly health care professionals in California are governed by a form agreement titled "Assignment Contract."

14.    The Assignment Contract provides that for the duration of the assignment, Defendants will pay the hourly health care professional a weekly meals and incidentals stipend or "M and I Stipend."

15.    The Assignment Contract further provides that for the duration of the assignment, Defendants will pay the hourly health care professional a weekly "Lodging Stipend."

16.    The Assignment Contract requires the hourly health care professional to work a minimum number of hours per week and provides that in the event the hourly health care professional works less than the required hours, Defendants may apply a "missed hour adjustment" or "short shift adjustment" consisting of a prorated stipend according to actual hours worked and/or an hourly payroll deduction from wages to offset expenses.

/ / /

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

17.   The "M and I Stipend" and the "Lodging Stipend" is thus not based upon the actual meals and incidentals and lodging expenses incurred by the hourly healthcare professional while on assignment for Defendants, but instead is based upon, and varies with, the number of weekly hours worked.

18.   Notwithstanding that the amount of the "M and I Stipend" and the "Lodging Stipend" is based upon, and varies with, the number of weekly hours worked by hourly healthcare professionals, Defendants do not include the value of the "M and I Stipend" or the "Lodging Stipend" in the hourly healthcare professionals' regular rates of pay for purposes of calculating overtime wages.

19.   The Assignment Contract also provides for various forms of remuneration in addition to an hourly wage, the "M and I Stipend" and the "Lodging Stipend" including, without limitation, a non-discretionary "extension bonus" and a non-discretionary "completion bonus."

20.   Defendants do not include the value of this additional remuneration in the health care professionals' regular rates of pay for purposes of calculating overtime wages.

21.   Plaintiff's employment with Defendants was governed by several Assignment Contracts, each of which provided for an "M and I Stipend" and a "Lodging Stipend" and required him to work a minimum number of hours per week in order to receive the full value of his "M and I Stipend" and "Lodging

Stipend."

22.     When Plaintiff worked in excess of 8 hours per day and/or 40 hours per week, Defendants did not include the value of his "M and I Stipend" or his "Lodging Stipend" in his regular rate of pay for purposes of calculating his overtime wages.

23.     Plaintiff's Assignment Contracts further provided for various forms of remuneration in addition to an hourly wage, "M and I Stipend" and "Lodging Stipend" including, without limitation, a non-discretionary "extension bonus" and non-discretionary "completion bonus."

24.     When Plaintiff worked in excess of 8 hours per day and/or 40 hours per week, Defendants did not include the value of this additional remuneration in Plaintiff's regular rate of pay for purposes of calculating his overtime wages.

**REPRESENTED PARTIES UNDER THE FLSA COLLECTIVE ACTION**

25.     Plaintiff brings the FLSA claim on behalf of himself and all non-exempt hourly health care professionals employed by either Defendant in the United States at any time since September 6, 2014 whose employment was governed by an Assignment Contract that provided for remuneration in addition to an hourly wage and a "missed hour adjustment" or "short shift adjustment" (hereafter "FLSA Collective").

/ / /

# CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.   Plaintiff seeks to represent a California class composed of the following:

All non-exempt hourly health care professionals employed by either Defendant in California from September 6, 2013 through the date of class certification whose employment was governed by an Assignment Contract that provided for remuneration in addition to an hourly wage and a "missed hour adjustment" or "short shift adjustment."

27.     Plaintiff reserves the right to amend or modify the class description or establish additional subclasses as appropriate.

28.     This action has been brought and may properly be maintained as a class action under Rule 23.

**A. Numerosity**

29.     The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable.   While the precise number of members of the class has not been determined at this time, Plaintiff is informed and believes that the class contains in excess of 100 individuals.

/ / /

/ / /

**B. Commonality**

30.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions include, without limitation, whether Defendants unlawfully excluded remuneration from class members' regular rates of pay for purposes of calculating overtime wages.

**C. Typicality**

31.    The class claims of the proposed class representative are typical of the claims of each class member.

32.    As with other members of the class, when Plaintiff worked in excess of 8 hours per day, Defendants failed to include all remuneration in his regular rate of pay for purposes of calculating his overtime wages.

**D.    Adequacy of Representation**

33.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class.  Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

**E.    Superiority of Class Action**

34.    A class action is superior to other available means for the fair and efficient adjudication of the class claims.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate

over any questions affecting only individual members of the class.  Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

## FIRST CAUSE OF ACTION

## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

## (LABOR CODE §§ 510, 1194)

35.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36.    Labor Code section 510 requires an employer to provide premium overtime pay for all work in excess of 8 hours per day and 40 hours per week.

37.    Labor Code section 1194 entitles an employee receiving less than the legal overtime pay to recover, in a civil action, the unpaid balance of overtime wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

38.    As a result of Defendants' failure to include all remuneration in health care professionals' regular rates of pay for purposes of calculating overtime wages, Plaintiff and other members of the class were not paid the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week.

/ / /

39.     Plaintiff seeks to recover, on behalf of himself and other class members, payment of the overtime wages owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

## (BUSINESS & PROFESSIONS CODE § 17200, et seq.)

40.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

41.     A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.

42.     Defendants' failure to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week violates Business & Professions Code section 17200, *et seq.* by virtue of violating Labor Code section 510.

43.     Defendants' collection of wages from Plaintiff and other class members when they did not work the minimum number of hours required by their Assignment Contracts violates Business & Professions Code section 17200, *et seq.* by virtue of violating Labor Code section 221, which prohibits an employer from collecting or receiving any part of wages paid.

44.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other class members, and the general public.   Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

45.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

46.     Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

### THIRD CAUSE OF ACTION

### CLASS ACTION CLAIM FOR WAITING TIME PENALTIES

### (LABOR CODE §§ 201, 202, 203)

47.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

48.     Labor Code sections 201 and 202 require an employer to promptly pay all wages owing to an employee at the conclusion of employment.

49.     Plaintiff and some other members of the class are no longer employed by Defendants.

50.     Throughout the class period, Plaintiff and other class members who are former employees of Defendants were not timely paid all wages owing at the time of termination of employment because during their employment they were not paid the correct overtime rates of pay and were required to repay wages when they did not work the minimum number of hours required by their Assignment Contracts.

51.     Defendants' failure to pay Plaintiff and other class members who are former employees of Defendants all wages owing, as alleged above, was willful, as Defendants intentionally excluded remuneration from their regular rates of pay for purposes of calculating overtime wages and intentionally collected their wages when they did not work the minimum number of hours required by their Assignment Contracts.

52.     Plaintiff and other class members who are former employees of Defendants are therefore entitled to penalties, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

/ / /

## FOURTH CAUSE OF ACTION

## COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA

## (29 U.S.C. §§ 207, 216)

53.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

54.     At all relevant times, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203, and grossed more than $50,000 in each of the last three calendar years.  At all relevant times, Defendants employed hourly health care professionals, including Plaintiff and the FLSA Collective.

55.     Attached hereto, as Exhibit 1, is the consent to sue form signed by Plaintiff in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  Other FLSA Collective members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

56.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked and pay overtime at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

/ / /

57.    As alleged above, in violation of 29 U.S.C. § 207, Defendants failed to include all remuneration in health care professionals' regular rates of pay for purposes of calculating overtime wages when they worked in excess of 40 hours per week.  As a result, Plaintiff and other FLSA Collective members were not paid the correct premium overtime rates for all hours worked in excess of 40 hours per week.

58.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59.    Plaintiff, on behalf of himself and the FLSA Collective, seek damages in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees and costs as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

### **Class Certification**

1.  That this action be certified as a class action;

2.  That Plaintiff be appointed as the representative of the class; and

3.  That counsel for Plaintiff be appointed as class counsel.

/ / /

/ / /

**Collective Action Certification**

4.      That the FLSA claim be certified as a collective action and that notice be sent to the FLSA Collective members providing them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b).

**First Cause of Action**

5.      That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other class members the correct overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week;

6.      For unpaid overtime wages and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime wages owing commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

9.      For such other and further relief as the Court may deem equitable and appropriate.

**Second Cause of Action**

10.      That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by (1) failing to pay Plaintiff

and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510, and (2) collecting wages from Plaintiff and other class members when they did not work the minimum number of hours required by their Assignment Contracts in violation of Labor Code section 221.

11.   For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

12.   Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

13.   For such other and further relief as the Court may deem equitable and appropriate.

**Third Cause of Action**

14.   That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201, 202 and 203 by willfully failing to pay all wages owed at the time of termination of employment of Plaintiff and other class members who are former employees of Defendants;

15.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who are former employees of Defendants as of September 6, 2014; and

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

16.    For such other and further relief as the Court may deem equitable and appropriate.

### Fourth Cause of Action

17.    That the Court declare, adjudge and decree that Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and other members of the FLSA Collective the correct overtime rates for all hours worked in excess of 40 hours per week;

18.    For unpaid overtime compensation wages;

19.    For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b);

20.    For attorneys' fees and costs of suit as provided by the FLSA, 29 U.S.C. § 216(b); and

21.    For such other and further relief as the Court may deem equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED:  September 6, 2017                    **HAYES PAWLENKO LLP**

                                            By:/s/Kye D. Pawlenko
                                                Matthew B. Hayes
                                                Kye D. Pawlenko
                                                Attorneys for Plaintiff

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL