KENNETH D. SULZER (SBN 120253)
ksulzer@constangy.com
SARAH KROLL-ROSENBAUM (SBN 272358)
skroll-rosenbaum@constangy.com
SAYAKA KARITANI (SBN 240122)
skaritani@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 909-7775

Attorneys for Defendant
JACKSON NURSE PROFESSIONALS, LLC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E. HOWARD MUSGROVE, an individual on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON NURSE PROFESSIONALS, LLC, et al.<br><br>Defendants. | CASE NO. 2:17-cv-06565-FMO-JPR<br>Hon. Fernando M. Olguin<br><br>**DEFENDANT JACKSON NURSE PROFESSIONALS, LLC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: December 5, 2019<br>Time: 10:00 a.m.<br>Location: Courtroom 6D |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 5, 2019, at 10:00 a.m., in the above-captioned Courtroom 6D, located at 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Defendant Jackson Nurse Professionals, LLC ("Defendant" or "JNP"), by and through its attorneys, will move this Court for a partial order of summary judgment, pursuant to Federal Rule of Civil Procedure 56, disposing of Plaintiff's claims contained in the First Amended Collective and Class Action Complaint filed by Plaintiff E. Howard Musgrove ("Plaintiff") on behalf of himself and others similarly situated. ECF No. 27 (the "FAC"). JNP contends there are no genuine issues of material fact regarding Plaintiff's claims for overtime under the California Labor Code or Fair Labor Standards Act, or regarding Plaintiff's derivative claims under California Labor Code §§ 201-203 and 2698, and California Bus. & Prof. Code § 17200. As shown in the Joint Brief re Cross-Motions for Summary Judgment submitted by the Parties, summary judgment in JNP's favor and against Plaintiff on all of the following issues[1] in the FAC is proper for the following reasons:

1. **<u>Plaintiff's First Cause of Action for Failure to Pay Overtime Wages under California Labor Code §§ 510, 1194 fails as a matter of law because</u>**:

- The per diems that JNP provided to traveling health care professionals ("travelers") were reimbursements for expenses travelers incurred for JNP's benefit while temporarily traveling away from home on assignment and were *not* compensation for hours worked;

[1] A small portion of Plaintiff's overtime and derivative claims are based on an alleged failure to include certain bonuses JNP provided traveling healthcare professionals, which are included in this Motion. The vast majority of Plaintiff's claims focus on JNP's practices and policies involving the payment of per diems to travelers while on assignment for the Company. The per diems-related claims are the subject of this Motion.

- The per diems were a reasonable approximation of travelers' expenses incurred while away on assignment on JNP's behalf; and
- The adjustments that JNP made to the per diem amounts did not change the nature of the per diems from reimbursements for expenses into compensation for hours of work.

2. **Plaintiff's Second Cause of Action under the California Business & Professions Code § 17200 *et seq.* fails as a matter of law because**: it is derivative of Plaintiff's alleged overtime cause of action in Plaintiff's first cause of action.

3. **Plaintiff's Third Cause of Action for Waiting Time Penalties under California Labor Code §§ 201, 202, and 203 fails as a matter of law because:**

- This claim is also derivative of Plaintiff's overtime claim; and
- Plaintiff cannot establish that JNP willfully failed to pay all wages due at the termination of the employment relationship, because JNP had—and continues to have—a good faith belief that travelers were properly compensated.

4. **Plaintiff's Fourth Cause of Action for Failure to Pay Overtime Wages under 29 U.S. C. § 201 *et seq.* fails as a matter of law because:**

- The per diems JNP provided to Travelers were reimbursements for expenses travelers incurred for JNP's benefit while working assignments for JNP, away from home, and are *not* compensation for hours of work;
- The per diems were a reasonable approximation of travelers' expenses incurred while temporarily away on assignment, and were *not* compensation for hours worked;
- The adjustments that JNP made to the per diem amounts did not transform the nature of the per diems from reimbursements of expenses into compensation for hours of work;

- To the extent the Court leaves the Fourth Cause of Action in this case, a two-year statute of limitation applies, not a three-year limitations period, because Plaintiff has no evidence of willfulness; and
- To the extent the Court leaves the Fourth Cause of Action in this case, JNP is entitled to offset any overpayments of overtime (for paying in excess of the 1.5 x regular rate of pay for overtime) against the overtime payments owed under the FLSA (i.e., 1.5 x regular rate of pay for overtime).

5. **Plaintiff's Fifth Cause of Action for Civil Penalties under the California Labor Code § 2698 *et seq.* fails as a matter of law because:** it is derivative of Plaintiff's underlying overtime claims under the California Labor Code.

This Motion is based upon this Notice, Motion, Joint Brief re Cross-Motions for Summary Judgment, the Joint Statement of Uncontroverted and Controverted Facts, and the Joint Evidentiary Appendix submitted in support thereof, and on any evidence and argument submitted at the time of any hearing in this Motion.

This Motion is made following multiple conferences of counsel pursuant to L.R. 7-3 and this Court's Order re Summary Judgment Motion (Dkt. # 24), the last of which took place during the week of September 16, 2019.

DATED: October 24, 2019

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/ Sarah Kroll-Rosenbaum
Kenneth D. Sulzer
Sarah Kroll-Rosenbaum
Sayaka Karitani
Matthew Scholl
Attorneys for Defendant
JACKSON NURSE PROFESSIONALS, LLC